IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**DANIEL JAY DONALD GREEAR, II,**

    **Petitioner,**

v.                                                     **Case No. 5:22-cv-00390**

**WARDEN, FCI Beckley,**

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

Pending before the Court are Petitioner Daniel Jay Donald Greear II's *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, (ECF No. 1), and a motion to dismiss contained in the Warden's Response. (ECF No. 8). This case is assigned to the Honorable Frank W. Volk, United States District Judge, and by standing order was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, Respondent's request for dismissal be **GRANTED**, and this action be **DISMISSED** and removed from the docket of the Court.

**I.**    **Relevant History**

Greear is an inmate currently incarcerated at FCI Beckley. *See* Federal Bureau of Prisons Inmate Locator, www.bop.gov/inmateloc/. In July 2016, he was sentenced to two consecutive 60-month terms of imprisonment after being convicted of conspiracy to

distribute alpha-PVP and possession of a firearm in furtherance of drug trafficking. (ECF No. 8 at 1). Greear was granted CARES Act home confinement in June 2021, expected to begin in August 2021; however, his release to home confinement was cancelled when a NCIC check revealed that Greear had an outstanding warrant issued by the Sullivan County Circuit Court in Tennessee for an alleged probation violation. (ECF No. 1 at 5). The alleged violation stemmed from Greear's federal arrest in 2015. (*Id.* at 9). Greear states that he only learned of the probation violation and warrant at the time of the NCIC check. (*Id.* at 6). Greear then requested that the Sullivan County Circuit Court hear his probation violation *in absentia*. (*Id.* at 9). The Tennessee court denied Greear's motion, stating that a probation revocation hearing was not covered by the Interstate Agreement on Detainers Act; therefore, the court would hold a hearing on the probation violation when Greear was released from federal custody. (*Id.* at 14). Greear submitted another motion to the Tennessee court, invoking his right to a speedy trial and again requesting that his probation violation be heard. (*Id.* at 6). At the time Greear filed the instant habeas petition, he had not received a response from the Tennessee court on his second motion. (*Id.*)

In his § 2241 petition, Greear asserts that the Tennessee court's refusal to hear the probation violation contravenes his right to a speedy trial. (*Id.*). He also complains that he was not given notice of the probation violation. (*Id.*). His primary complaint is that the warrant for the probation violation is preventing him from being released to home confinement. (*Id.*) Greear asks that the warrant be dismissed and that he be given time served on the probation violation. (*Id.* at 7).

II. **Standard of Review**

In the response to the petition, Respondent moved the Court to dismiss this action.

2

(ECF No. 8 at 1). Therefore, the motion will be construed as a motion for judgment on the pleadings. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *See Conner v. Cleveland Cnty., N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *see also Martin v. U.S. Parole Comm'n*, No. cv PWG-17-3335, 2018 WL 2135009, at *1 (D. Md., May 9, 2018).

When deciding a motion for judgment on the pleadings, the court must accept all well-pleaded allegations in the petition as true and "draw all reasonable factual inferences" in favor of the petitioner. *See Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014); *Wolfe v. Johnson*, 565 F.3d 140, 169 (4th Cir. 2009). Nonetheless, the court is "not obliged to accept allegations that 'represent unwarranted inferences, unreasonable conclusions, or arguments,' or that 'contradict matters properly subject to judicial notice or by exhibit.'" *Massey*, 759 F.3d at 353 (quoting *Blankenship v. Manchin*, 471 F.3d 523, 529 (4th Cir. 2006)). A court presented with a motion for judgment on the pleadings in a federal habeas case must consider "the face of the petition and any attached exhibits." *Walker*, 589 F.3d at 139 (quoting *Wolfe*, 565 F.3d at 169) (internal markings omitted). In addition, a court may consider "matters of public record" including documents from prior or pending court proceedings, *id.*, and "documents attached to the complaint ... as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citing *Blankenship,* 471 F.3d at 526 n.1).

Courts are required to liberally construe *pro se* petitions. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the petition still must contain sufficient factual allegations to support a valid legal cause of action. *Bass v.*

3

*E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). The Court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), construct the plaintiff's legal arguments for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. Discussion

Greear's principal complaint is that the warrant for the probation violation has prevented him from being released to home confinement, and he would like this Court to dismiss the warrant so he can be released. (ECF No. 1). Respondent argues that Greear's petition must be dismissed for failure to exhaust available state remedies and for failure to state a cognizable claim under § 2241. (ECF No. 8).

#### *A. Exhaustion*

Although the text of § 2241 does not mention exhaustion of state remedies, federal courts generally require that a prisoner who might secure relief through state courts must attempt to do so before filing a habeas petition in federal court. *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484 (1973). Exhaustion requires the prisoner invoke "one complete round" of the state's appeal process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Greear states in his petition that he has not appealed the Tennessee trial court ruling because he cannot afford an attorney. (ECF No. 1 at 3). Failure to exhaust remedies will typically be excused only if the petitioner can show cause and prejudice; federal courts will also not require exhaustion if doing so would be futile or cause irreparable harm to the petitioner. *Rodriguez v. Knight*, No. 1:21-459-DCN-SVH, 2022 WL 796815, at *2 (D.S.C. Mar. 16, 2022). Greear has provided no evidence of special circumstances that

4

warrant deviation from the general rule requiring exhaustion of state court remedies. *Galloway v. Stephens*, 510 F. Supp. 840, 846 (M.D.N.C. Mar. 25, 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."). Unfortunately for Greear, his inability to afford an attorney is not a sufficient legal excuse for his failure to exhaust his state remedies, as he has the right to appeal and there are no external forces preventing him from doing so. Tenn. R. App. P. 3; *Maples v. Thomas*, 565 U.S. 266, 280 (2012) (defining "cause" in the cause and prejudice standard as "something external to the petitioner, something that cannot fairly be attributed to him"); *Hellman v. Rohling*, No. 09-3223-SAC, 2009 WL 4016081, at *2 (D. Kan., Nov. 18, 2009) ("Moreover, not being an attorney or knowledgeable of the law is not a sufficient excuse for failure to exhaust state remedies prior to filing a federal habeas corpus petition."). In order to properly raise this challenge in federal court, Greear must first appeal the Sullivan County Circuit Court's ruling to Tennessee's Court of Appeals and Supreme Court—even if he must make those appeals without the assistance of an attorney. *Tunanidas v. Folino*, No. 4:10 CV 1263, 2010 WL 3271737, at *1 (N.D. Ohio Aug. 18, 2010) ("In order to challenge the validity of an interstate detainer, a state prisoner must first exhaust all available state remedies before filing a federal *habeas* petition.").

### *B. No Grounds for Relief*

Even if Greear had exhausted his state remedies, this Court would still have to deny his petition, because there is no federal statutory or constitutional basis to dismiss the detainer. Though Greear's petition does not explicitly argue that he is entitled to relief under the Interstate Agreement on Detainers Act ("IADA"), both the Tennessee court order and Respondent address the statute, so this Court will discuss its applicability to

5

Greear's case. (ECF Nos. 1, 8). The IADA would be the most relevant federal statute under which Greear could plausibly seek relief, as it facilitates the prompt resolution of state charges for prisoners in custody of another state or the federal government. A prisoner with charges pending in another state has the right to demand a trial be held within 180 days; if he is not tried in that time, the charges may be dismissed. *See* 18 U.S.C. App.2 § 2; *United States v. Starks*, No. 3:18-00249-02, 2021 WL 1342532, at *1 (S.D.W. Va., Apr. 9, 2021). But the IADA only applies to state *charges*—the Supreme Court explicitly held in *Carchman v. Nash* that the IADA does not apply to a detainer for a probation violation. 473 U.S. 716 (1985). Therefore, there is no apparent federal statutory basis for Greear's requested relief. Nor is there a constitutional basis for relief. Also in *Carchman*, the Court stated, "[t]his Court has never held […] that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation revocation hearing." 473 U.S. at 731 n.10 (1985). Following *Carchman*, the Fourth Circuit held in a *per curiam* opinion that a state prisoner was not entitled to a speedy probation revocation hearing under either the IADA or the Fourteenth Amendment. *Vuorela v. Maryland*, 867 F.2d 610 (4th Cir. 1989). District courts within the Fourth Circuit have also dismissed claims like Greear's for the same reason—that there is no federal right, under the Constitution or under the IADA, to a prompt probation violation hearing. *Feather-Gorbey v. Warden, FCI Cumberland,* No. RDB-18-1602, 2018 WL 5809673, at *4 (D. Md. Nov. 6, 2018); *Pagan v. U.S. Dist.*, No. 7:12-cv-00170, 2012 WL 1357549, at *1 (W.D. Va., Apr. 19, 2012); *Ayres v. Eagleton*, No. 2:10–1967–JFA–RSC, 2010 WL 4363389, at *1 (D.S.C., Aug. 12, 2010), report and recommendation adopted, 2010 WL 4337996 (D.S.C., Oct. 27, 2010). Accordingly, even if Greear had exhausted his state remedies, he would not be entitled to a dismissal of the detainer.

Greear also complains that he was not given notice of his probation violation. (ECF No. 1 at 6). Defendants have a constitutional due process right to written notice of an alleged probation violation. *Black v. Romano*, 471 U.S. 606, 612 (1985). However, the cases that establish this right only require that notice be given at the preliminary hearing, so the defendant may adequately defend himself during the final revocation hearing. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) ("At the preliminary hearing, a probationer or parolee is entitled to notice of the alleged violations[.]"); *In re Gault*, 387 U.S. 1, 33 (1967) ("Notice, to comply with due process requirements, must be given sufficiently in advance of scheduled court proceedings so that reasonable opportunity to prepare will be afforded, and it must 'set forth the alleged misconduct with particularity.' "). Greear has not yet had a preliminary hearing on his probation violation; he is merely being held on a detainer while the state courts wait out his federal sentence to hear the probation violation. Now that he has actual notice of the violation, well in advance of any hearings on the alleged violation, his constitutional rights have been preserved. With respect to the issue of notice, Greear has not suffered a legally cognizable injury.

Greear has also requested this Court grant him time served on his probation violation. (ECF No. 1 at 7). The federal and state governments maintain separate criminal legal systems; a federal court has no authority to take over a criminal prosecution initiated by a state. *See United States v. Miller*, 14 F.3d 761, 763 (2d Cir. 1994) ("[I]n our federal system state and national sovereignty are separate and distinct from one another, and each political entity has power to determine what are offenses against it and to try and punish such offenses independently."). It is well settled that federal courts may not equitably interfere in state criminal proceedings except in the most narrow and extraordinary of circumstances. *Younger v. Harris,* 401 U.S. 37, 43-44 (1971). This clearly

7

is not one such circumstance. It is understandable that Greer wants the probation violation case to be disposed of in any way possible, as quickly as possible, to secure his release to home confinement. But there is no basis in federal law for this Court to provide him the relief he seeks.

### IV.   Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the presiding District Judge accept and adopt the findings proposed herein and **RECOMMENDS** that Greear's petition pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED,** the Warden's request for dismissal be **GRANTED**, and that this civil action be **DISMISSED** and removed from the docket of this Court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Frank W. Volk, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to

8

the opposing party, Judge Volk, and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED**: February 17, 2023

Cheryl A. Eifert
United States Magistrate Judge